IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVA VONA<br>151 Red Lion Road<br>Huntingdon Valley, PA 19006<br><br>Plaintiff,<br><br>v.<br><br>JANE DOE SECURITY GUARD<br>A fictitious name used to designate an unknown party<br><br>And<br><br>WILLIAM MILES<br>555 Red Lion Road<br>Huntingdon Valley, PA 19006<br><br>And<br><br>JUSTIN THOMAS<br>555 Red Lion Road<br>Huntingdon Valley, PA 19006<br><br>And<br><br>LOWER MORELAND TOWNSHIP SCHOOL DISTRICT<br>555 Red Lion Road<br>Huntingdon Valley, PA 19006<br><br>Defendants | TERM:<br><br>NO. |

**COMPLAINT**

AND NOW, comes the Plaintiff, Ava Vona, by and through her undersigned counsel, van der Veen, Hartshorn & Levin, to file the instant Complaint in Civil Action against Defendants Jane Doe Security Guard, Lower Moreland Township School District, and any supervisory or municipal Defendants identified herein. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983

to redress violations of her Fourth and Fourteenth Amendment rights arising from an unlawful, invasive, and sexually intrusive search conducted on school grounds under color of state law. Plaintiff, a high school student at the time of the incident, was seized and subjected to a grossly disproportionate physical search, including manipulation of her clothing and manual intrusion into her underwear, based solely on her speech regarding a shooting incident on public transportation. Defendants' conduct constituted an unreasonable search and seizure and a violation of Plaintiff's substantive due process right to bodily integrity, causing severe emotional distress and lasting harm.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to 42 U.S.C. § 1983.
2. Venue lies in this District under 28 U.S.C. § 1391(b) because the events occurred within the Eastern District of Pennsylvania and all defendants are domiciled therein.
3. This Court has subject matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

## PARTIES

4. Plaintiff Ava Vona ("Plaintiff") is an adult female residing in Huntingdon Valley, Pennsylvania at the above referenced address. At all relevant times, Plaintiff was a sixteen-year-old high school student at Lower Moreland High School.
5. Defendant Jane Doe Security Guard ("Defendant Jane Doe") was at all relevant times employed as a security officer assigned to Plaintiff's school and acted under color of state law. Defendant Jane Doe Security Guard is sued in her individual capacity.

6. Defendant William Miles ("Defendant Miles"), was at all relevant times the Head Principal of Lower Moreland High School and was responsible for oversight of school security personnel. Defendant Miles is sued in his individual capacity for personal involvement and/or deliberate indifference to Plaintiff's constitutional rights.

7. Defendant Justin Thomas ("Defendant Thomas"), was at all relevant times employed as an Assistant Principal of Lower Moreland High School and exercised supervisory authority over students and school security personnel. Defendant Thomas acted under color of state law and is sued in his individual capacity for personal involvement and/or deliberate indifference to Plaintiff's constitutional rights.

8. Defendant Lower Moreland Township School District ("Defendant LMTSD") is a municipal entity and/or government contractor responsible for providing security services at Plaintiff's school and for the hiring, training, supervision, and discipline of Defendant Jane Doe Security Officer. Defendant is liable pursuant to 42 U.S.C. § 1983 for policies, customs, and practices that were the moving force behind the constitutional violations suffered by Plaintiff.

9. At all times relevant, each Defendant acted individually and in concert with the others, within the scope of their employment or agency, and under color of state law.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

11. At all relevant times hereto, Plaintiff was a student at Lower Moreland High School ("LMHS") in Huntingdon Valley, Pennsylvania.

12. On or about March 7, 2024, Plaintiff was present on LMHS grounds during regular school hours.

13. Earlier that day, Plaintiff was speaking on the phone in a school bathroom in an attempt to console a friend who was upset about a recent shooting incident that occurred on a bus operated by Southeastern Pennsylvania Transportation Authority ("SEPTA").

14. During that phone conversation, Plaintiff stated that she disliked guns and questioned why people felt the need to possess them.

15. Plaintiff's statements were conversational in nature and did not include any threats of violence or claims of possessing a weapon. Plaintiff was laughing during the call and did not engage in any conduct suggesting that she posed a danger to herself or others.

16. While Plaintiff was on the phone, a substitute teacher in a separate bathroom stall overheard portions of Plaintiff's conversation.

17. Plaintiff was not confronted at that time and returned to class without incident.

18. Approximately two hours later, Plaintiff was called out of class and directed to report to the principal's office.

19. Plaintiff was embarrassed and confused about being removed from class and asked Defendant Jane Doe whether she was in trouble.

20. Defendant Jane Doe provided no explanation for Plaintiff being summoned, stating only that Plaintiff was not in trouble.

21. Solely as a result of the substitute teacher overhearing Plaintiff's private phone conversation, Defendant Thomas, acting in his capacity as head school principal and under color of state law, approached Plaintiff and directed her to accompany him and Defendant

    Jane Doe into a back room behind the principal's office, leaving Plaintiff with no reasonable belief that she was free to refuse.

22. Defendant Miles asked Plaintiff if she knew why they had called her down to the office and advised Plaintiff that it was in regard to a report that had been made about her.

23. Plaintiff explained the full context of the phone conversation she had with her friend regarding the recent, high-profile SEPTA shooting incident.

24. Defendant Miles told Plaintiff that she was not permitted to talk about weapons and stated that Defendant Jane Doe would need to search Plaintiff's person and belongings.

25. Defendants then initiated a physical search of Plaintiff's body. The area where Plaintiff was detained and searched was a highly trafficked portion of the school and was visible through glass panels to students and staff passing by.

26. During the search, Defendant Jane Doe first looked down Plaintiff's shirt.

27. Defendant Jane Doe then touched Plaintiff's chest, placed her fingers beneath the wire of Plaintiff's bra, and physically manipulated Plaintiff's bra and shirt by shaking them out.

28. Defendant Jane Doe then placed two fingers inside Plaintiff's sweatpants and into Plaintiff's underwear, manually intruding into Plaintiff's intimate area and displacing her clothing to such an extent that Plaintiff felt air against her body.

29. Defendant Jane Doe's conduct exceeded the scope of any reasonable protective pat-down.

30. At no time did any Defendant articulate any individualized reasonable suspicion that Plaintiff possessed a weapon or contraband. Plaintiff was merely told that a report was made stating that Plaintiff was in a bathroom stall discussing guns and knives.

31. The search was conducted without Plaintiff's consent and without exigent circumstances.

32. No weapon or prohibited item was observed prior to or during the initiation of the search.

33. Plaintiff was humiliated, frightened, and emotionally distressed by Defendants' conduct.

34. Plaintiff reasonably believed she had no ability to refuse the search due to Defendants' authority, the coercive school setting, and the presence of multiple administrators and security personnel.

35. Defendants Thomas, Miles, and Jane Doe acted jointly and in concert in removing Plaintiff from class, detaining her in the back room, and subjecting her to an invasive physical search.

36. At all relevant times, each Defendant knew or should have known that manually intruding into a student's clothing and underwear constituted an extreme invasion of privacy and bodily integrity.

37. Defendants' actions had no legitimate educational or safety justification and were grossly disproportionate to any perceived concern.

38. Defendants failed to conduct any meaningful investigation prior to initiating the search and relied solely on an overheard bathroom conversation that included no threats and no claims of weapon possession.

39. Defendants did not observe any bulges in Plaintiff's clothing, did not witness any suspicious behavior, and possessed no individualized facts suggesting Plaintiff had a weapon or contraband.

40. Defendants nevertheless authorized and carried out a sexually invasive search of Plaintiff's body.

41. At all relevant times, Defendants acted under color of state law.

42. At all relevant times, Defendants acted within the scope of their employment and/or agency and pursuant to the policies, customs, and practices of Defendant LMTSD.

43. Defendant LMTSD failed to adequately train, supervise, and discipline administrators and security personnel regarding student searches, bodily integrity, and constitutional limits on intrusive physical searches.

44. Defendant LMTSD failed to implement appropriate safeguards governing searches of students, including prohibitions on underwear searches and requirements for proportional, gender-appropriate procedures.

45. Defendant LMTSD knew or should have known that permitting minimally trained personnel to conduct invasive searches of students created an obvious and substantial risk of constitutional violations.

46. Defendants' acts and omissions were willful, wanton, reckless, and demonstrated deliberate indifference to Plaintiff's federally protected rights.

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including emotional distress, mental anguish, humiliation, and loss of enjoyment of life.

## COUNT I – UNLAWFUL SEARCH AND SEIZURE
## 42 U.S.C. § 1983
### *Against All Defendants*

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all relevant times, Defendants Thomas, Miles, and Jane Doe were acting under color of state law.

50. Defendants seized Plaintiff when they removed her from class, escorted her to a back room, and detained her for questioning and physical search.

51. Plaintiff was not free to leave and reasonably believed she was required to comply due to Defendants' authority and the coercive school setting.

52. Defendants lacked any individualized reasonable suspicion that Plaintiff possessed a weapon or contraband.

53. Defendants relied solely on an overheard bathroom conversation in which Plaintiff expressed opposition to guns and questioned why people felt the need to possess them.

54. Plaintiff made no threats, claimed no possession of weapons, and exhibited no suspicious behavior.

55. Plaintiff had no visible bulges in her clothing and made no furtive movements.

56. Despite the absence of reasonable suspicion, Defendants authorized and initiated a physical search of Plaintiff's body.

57. Defendant Jane Doe looked down Plaintiff's shirt, manipulated Plaintiff's bra, touched Plaintiff's chest, and placed two fingers inside Plaintiff's sweatpants and underwear, manually intruding into Plaintiff's intimate area.

58. The search was conducted in a highly trafficked area of the school visible through glass panels to students and staff.

59. The scope and manner of the search were grossly disproportionate to any perceived safety concern.

60. The search, which was conducted with Plaintiff's consent and without exigent circumstances, exceeded the bounds of any permissible school pat-down and constituted an unreasonably intrusive search of a student's body.

61. No weapon or prohibited item was recovered.

62. Defendants Thomas and Miles authorized, directed, and/or knowingly permitted Defendant Jane Doe to conduct the invasive search.

63. Defendants acted jointly and in concert in detaining Plaintiff and subjecting her to the unconstitutional search.

64. Defendants' conduct violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

65. A reasonable school official or security officer would have known that manually intruding into a student's clothing and underwear without individualized suspicion or exigent circumstances was unconstitutional.

66. As a direct and proximate result of Defendants' actions, Plaintiff suffered humiliation, emotional distress, psychological trauma, and ongoing harm.

67. Defendant LMTSD is liable under *Monell* because Plaintiff's injuries were caused by its policies, customs, and practices, including failure to train and supervise staff regarding student searches and constitutional limits on intrusive physical searches.

68. Defendant LMTSD was deliberately indifferent to the obvious risk that permitting minimally trained administrators and security personnel to conduct invasive searches of students would result in constitutional violations.

69. Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendants, attorneys' fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper.

## COUNT II – FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS
## 42 U.S.C. § 1983

### *Against Defendants Jane Doe, Thomas, and Miles*

70. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

71. At all relevant times, Defendants Jane Doe, Thomas, and Miles were acting under color of state law.

72. Plaintiff possessed a clearly established constitutional right to bodily integrity and to be free from sexualized physical intrusion by state actors.

73. Defendants Thomas and Miles knowingly authorized, directed, and/or permitted Defendant Jane Doe to conduct a physical search of Plaintiff's body.

74. Defendant Jane Doe intentionally touched Plaintiff's chest, manipulated Plaintiff's bra, and placed two fingers inside Plaintiff's sweatpants and underwear, manually intruding into Plaintiff's intimate area.

75. The conduct involved direct physical contact with Plaintiff's private body parts and had no legitimate educational, disciplinary, or safety justification.

76. Plaintiff posed no threat, claimed no possession of a weapon, exhibited no suspicious behavior, and was searched solely based on an overheard bathroom conversation.

77. The search was conducted in a coercive school setting, in a highly trafficked area visible through glass panels, and without Plaintiff's consent.

78. Defendants' actions constituted an egregious invasion of Plaintiff's bodily integrity.

79. Defendants' conduct was arbitrary, conscience-shocking, and an abuse of governmental authority.

80. Defendants Thomas and Miles were personally involved in Plaintiff's detention and facilitated the unconstitutional search by directing Plaintiff into the back room and authorizing Defendant Jane Doe to proceed.

81. Defendants acted jointly and in concert in subjecting Plaintiff to the invasive search.

82. A reasonable school administrator or security officer would have known that manually intruding into a student's clothing and underwear without individualized suspicion or exigent circumstances violated clearly established constitutional rights.

83. As a direct and proximate result of Defendants' conduct, Plaintiff suffered humiliation, emotional distress, psychological trauma, and ongoing harm.

84. Defendants acted willfully, wantonly, and with reckless disregard for Plaintiff's federally protected rights.

85. Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendants, attorneys' fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper.

### COUNT III – MUNICIPAL LIABILITY (Failure to Train, Supervise, or Discipline)
### 42 U.S.C. § 1983
*Against Defendant LMTSD*

86. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

87. At all relevant times, Defendant LMTSD was responsible for the hiring, training, supervision, discipline, and policymaking authority over school administrators and security personnel, including Defendants Thomas, Miles, and Jane Doe.

88. Defendant LMTSD maintained policies, customs, and practices that were the moving force behind the constitutional violations suffered by Plaintiff.

89. These policies, customs, and practices included, but were not limited to:

    a. failing to prohibit underwear searches of students;

    b. failing to require individualized reasonable suspicion before conducting invasive physical searches;

    c. failing to establish gender-appropriate and privacy-protective search procedures;

    d. failing to adequately train administrators and security personnel on constitutional limits governing student searches;

    e. failing to supervise and discipline staff engaging in intrusive physical searches

90. Defendant LMTSD knew or should have known that permitting minimally trained administrators and security personnel to conduct invasive searches of students created an obvious and substantial risk of constitutional violations.

91. The need for training regarding bodily integrity and limits on student searches was so obvious that Defendant's failure to provide such training constituted deliberate indifference.

92. Defendants Thomas and Miles acted as final or delegated policymakers with respect to Plaintiff's detention and search.

93. Defendant LMTSD, through its policies, customs, and failures to train and supervise, directly caused Plaintiff's injuries.

94. As a direct and proximate result of Defendant LMTSD's deliberate indifference, Plaintiff suffered humiliation, emotional distress, psychological trauma, and ongoing harm.

95. Plaintiff is entitled to compensatory damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

**WHEREFORE,** Plaintiff, Ava Vona, prays for judgment against Defendants as follows, a Money judgment against Defendants for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest and punitive damages are available and are hereby claimed as a matter of federal common law under *Smith v. Wade*, 461 U.S. 30 (§ 1983 Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988) and for such other relief as this Court deems just and equitable.

                                        **van der Veen, Hartshorn & Levin**

                                        */s/ Kaitlin C. McCaffrey*
                                        Kaitlin C. McCaffrey
                                        Attorney for Plaintiff
                                        1219 Spruce Street
                                        Philadelphia, PA. 19107
                                        (P) 215-546-1000
                                        (F) 215-546-8529
Date: February 19, 2026                    kmccaffrey@mtvlaw.com